IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER CHARLES ROMERO,

    Plaintiff,

vs.  No. CIV 23-1123 JB/KBM

THE BOARD OF COUNTY
COMMISSIONERS FOR THE COUNTY OF
BERNALILLO; TIM KELLER, the City of
Albuquerque Mayor; JASON JONES,
Metropolitan Detention Center Chief, and
SERGIO SAPIEN, Metropolitan Detention
Center Assistant Chief,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Christopher Charles Romero's failure to prosecute his Untitled Letter-Pleading Regarding Civil Rights Violations, filed December 18, 2023 (Doc. 1)("Letter-Pleading"). The Honorable Karen Molzen, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Romero to file a complaint on the 42 U.S.C. § 1983 form pleading and address the civil filing fee, as 28 U.S.C. § 1915(a) requires. See Order to Cure Deficiencies, filed April 16, 2024 (Doc. 3)("Cure Order"). Romero has not responded to the Cure Order, and the deadline has now passed. Because Romero has not complied with the Cure Order, the Court, having reviewed the applicable law and the record, will dismiss this case without prejudice.

## BACKGROUND

Romero commenced this case on December 18, 2023, while detained at the Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico. See Letter-Pleading at 2. In the

Letter-Pleading, Romero states that he wishes to file a complaint for the violation of his rights under the First, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and requests a form complaint under 42 U.S.C. § 1983. See Letter-Pleading at 1. The Clerk's Office mailed Romero a blank 42 U.S.C. § 1983 civil rights complaint and a blank motion to proceed in forma pauperis on December 19, 2023. See Staff Note Docket Entry, filed December 19, 2023 (text only, no docket number). Romero did not return the completed complaint or address the civil filing fee.

The Court referred this matter to Magistrate Judge Molzen for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed January 9, 2024 (Doc. 2). By the Cure Order entered April 16, 2024, Magistrate Judge Molzen fixed a deadline of May 16, 2024, for Romero to: (i) file a completed civil rights complaint; and (ii) prepay the $405.00 filing fee or, alternatively, submit an in forma pauperis motion that attaches an account statement reflecting transactions for a six-month period. See Cure Order at 1. The Cure Order warns that the failure timely to comply may result in this case's dismissal without further notice. See Cure Order at 1.

Romero did not file a complaint, pay the filing fee, or file a motion to proceed in forma pauperis by the May 16, 2024, deadline. Romero has not shown cause for such failure or otherwise responded to the Cure Order. The Court therefore will consider whether to dismiss this matter for failure to prosecute and comply with the Cure Order.

## **ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil

Procedure] or a court order." Fed. R. Civ. P. 41(b). See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy[, the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162. Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." Nasious, 492 F.3d at 1162 (citing Olsen v. Mapes, 333 F.3d at 1204).

Here, Romero has not filed a complaint or addressed the civil filing fee, as the Cure Order and 28 U.S.C. § 1915(a) require. In light of this failure, the Court dismisses this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. See <u>Olsen v. Mapes</u>, 333 F.3d at 1204. After considering the factors in <u>Nasious</u>, the Court concludes that the dismissal will be without prejudice.

**IT IS ORDERED** that: (i) the Plaintiff's Untitled Letter-Pleading Regarding Civil Rights Violations, filed December 18, 2023 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Christopher C. Romero
Albuquerque, New Mexico

    *Plaintiff pro se*